IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHADRUS LEQUARDRA BROWN, | : | HABEAS CORPUS |
| | : | 28 U.S.C. § 2254 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT TOOLE, Warden, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:13-CV-4176-RWS-JFK |

## **ORDER**

By Order and Judgment [18, 19] entered on June 13, 2014, the Court adopted the Magistrate Judge's Final Report and Recommendation ("R&R"), dismissed this action, and denied a certificate of appealability. The matter is before the Court on Petitioner's motion to reconsider [20] and motion for a certificate of appealability [23].

The Magistrate Judge (1) found that Petitioner's claims that the state trial court lacked jurisdiction and that a great injustice had occurred were subject to the one year limitations period and (2) recommended that Petitioner's challenge to his 1998 Cobb County conviction number 000248139 be dismissed as untimely. (R&R [15] at 2-4,

7.)  The Court adopted the R&R.  (Order [18].)  Petitioner seeks reconsideration and asserts actual innocence.[1]  (Mot. to Recons. [20] ¶ 5.)

A party may move for alteration or amendment of a judgment if the motion is filed within twenty-eight days of the entry of judgment.  Fed. R. Civ. P. 59(e).  "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. . . . A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (brackets, citations, and internal quotation marks omitted).

The standard for an actual innocence exception to the federal limitations period is high, and Petitioner presents nothing that meets that standard.  See McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1928 (2013) (stating that the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting

---

[1] Petitioner had argued that the federal limitations period was inapplicable because he challenged the trial court's jurisdiction over him.  (Am. Pet. [14] at 8.)  In one sentence of the Report and Recommendation, the Magistrate Judge misstated that Petitioner challenged the "Fulton County" Superior Court's jurisdiction over him. (R&R [15] at 2.)  Petitioner seeks reconsideration based on that misstatement.  (Mot. to Recons. [20] ¶ 1.)  The misstatement of the trial court's name does not change the result – the federal limitations period applies to Petitioner's claim that the trial court lacked jurisdiction.

2

Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted)).[2] Petitioner does not set forth any previously unavailable facts or law, and the Court that finds nothing that persuades it to retreat from its previous decision.

**IT IS ORDERED** that Petitioner's motion to reconsider [20] is **DENIED**.

**IT IS ORDERED** that Petitioner's motion for a certificate of appealability [23] is **DENIED** as moot in light of the Court's prior Order.

**IT IS SO ORDERED** this  15th  day of July, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[2] To show actual innocence, Petitioner must, "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," demonstrate that "it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 324, 327-28.

AO 72A
(Rev.8/82)